UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-9525-DMG (MAAx)** | Date | December 11, 2025 |
|---|---|---|---|
| Title | *Barbara Gerl v. Sheraton Operating, LLC, et al.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [12]**

I.
BACKGROUND

On September 22, 2025, Defendants Sheraton Operating, LLC ("Sheraton"), Marriott International, Inc. ("Marriott"), and PH Finance LLC ("PH Finance") removed a class action filed by Plaintiff Barbara Gerl from Los Angeles County Superior Court to this Court. [Doc. ## 1 ("NOR"), 1-1 ("Compl.").] In her complaint, Gerl alleged several claims related to a "bait-and-switch" pricing scheme at Defendants' hotels where guests were charged higher prices on in-room dining as compared to prices displayed on the television ("TV") menu. Compl. at ¶¶ 4–8. Gerl brings this action on behalf of the following putative class: "[a]ll hotel guests or occupants of any and all hotels operated by Marriot International Inc. or Sheraton Operating, LLC in California, during the applicable statute of limitations period, who ordered in-room dining (room service) and were charged more for one or more menu items than the price for those items that was displayed on the in-room television menu." *Id.* at ¶ 23.

Defendants base their removal on this Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA") because: (1) there are at least 100 putative class members; (2) the amount in controversy exceeds $5 million dollars; and (3) any proposed class member and any defendant are citizens of different states. See 28 U.S.C. §§ 1332(d)(2), 1453; NOR at ¶ 1. On October 22, 2025, Gerl filed a motion to remand this action to Los Angeles County Superior Court. [Doc. # 11-1 ("MTR").][1] The motion is fully briefed. [Doc. ## 14 ("Opp."), 15 ("Reply").]

---

[1] Gerl's Request for Judicial Notice ("RJN") of (1) the California Secretary of State's Statement of Information for Defendant PH Finance, LLC, and (2) a Grant Deed between The Irvine Land Company LLC and PH Finance, LLC recorded in the Orange County Recorder's Office is **GRANTED**. [Doc. ## 12, 12-1, 12-2.] The documents are matters of public record appropriate for judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-9525-DMG (MAAx)** | Date | December 11, 2025 |
|---|---|---|---|
| Title | *Barbara Gerl v. Sheraton Operating, LLC, et al.* | Page | 2 of 7 |

Having duly considered the parties' written submissions, the Court **DENIES** the motion to remand for the following reasons.

## II.
## LEGAL STANDARD.

CAFA affords district courts jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed there.

If a complaint does not specify a particular amount of damages and the plaintiff challenges jurisdiction after removal, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."). There is no antiremoval presumption in cases involving jurisdiction under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Where the amount of damages sought is not clearly alleged, a district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[R]emoval 'cannot be based simply upon conclusory allegations where the [complaint] is silent'" as to the amount of damages. *Id.* (quoting *Allen*, 63 F.3d at 1335). Moreover, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *See Ibarra*, 775 F.3d at 1197.

## III.
## DISCUSSION

**A.     Amount in Controversy**

Gerl does not dispute that she is diverse from Marriott. Gerl is a citizen of California and resides in California. NOR at ¶ 23; Compl. at ¶ 1. Marriott is a Delaware corporation with its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-9525-DMG (MAAx)** | Date | December 11, 2025 |
|---|---|---|---|
| Title | ***Barbara Gerl v. Sheraton Operating, LLC, et al.*** | Page | 3 of 7 |

principal place of business in Maryland. NOR at ¶ 23. Gerl also does not dispute that the putative class is large enough to satisfy CAFA's 100-member minimum. NOR at ¶ 20; MTR at 8.[2] Gerl challenges only Defendants' assertion that the amount in controversy for the claims belonging to the putative class members exceeds the $5 million jurisdictional threshold for CAFA jurisdiction. MTR at 8.

Defendants' Notice of Removal contends the amount in controversy exceeds $5 million based upon: (1) the 40% overcharge Gerl alleges on her own item applied to all in-room dining revenue from hotels encompassed in the putative class; and/or (2) Gerl's request for restitution, disgorgement, punitive and exemplary damages, and injunctive relief. NOR at ¶ 26. Gerl argues, *inter alia*, that Defendants' calculation of the amount in controversy is speculative and unsupported, and Defendants fail to provide sufficient evidence. MTR at 10–15.

Because Gerl disputes the truth of Defendants' allegations, Gerl's attack is factual rather than facial. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). The burden is therefore on Defendants to show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Id.* Defendants point out that 119 hotels are located in California and operated by Marriott. Decl. of Jack Tamburello ISO MTR ("Tamburello Decl.") at ¶ 6 [Doc. # 14-1]. The total food and beverage revenue between April 2021 and April 2025 (four years) for the 119 hotels is over one billion dollars. *Id.* at ¶ 8. The total in-room dining revenue for this same period and hotels is $124,989,882. *Id.* at ¶ 8. The total in-room dining revenue between April 2022 to April 2025 (three years) for the 119 hotels is $99,432,113. *Id.* at ¶ 9.

Gerl argues Defendants' affidavit is insufficient. In doing so, Gerl's reliance on *Ibarra* and other wage-and-hour class actions is misplaced. *See* MTR at 13. As this Court explained in *Treinish*, unlike wage-and-hour class actions, courts in consumer action class actions often rely on amount in controversy evidence authenticated through declarations of company employees alleging full sales numbers. *Treinish v. iFit Inc.*, No. CV 22-4687-DMG (SKx), 2022 WL 5027083, at *2 (C.D. Cal. Oct. 3, 2022). Like in *Treinish* and *Lewis*, Defendants present an affidavit of in-room dining revenue as "real evidence" of the amount alleged. The type of information Gerl demands (which hotels, menu items, orders, or specific guest transactions were affected by the pricing disparity) are not, unlike employer records in wage-and-hour cases, readily accessible. *See* MTR at 12–13.

Gerl contends that Defendants' use of "40%" is speculation and conjecture. Defendants' use of 40%, however, is derived from Gerl's own allegations. Gerl alleges she was secretly

---

[2] All page citations herein refer to the page numbers inserted by the CM/ECF system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-9525-DMG (MAAx)** | Date | December 11, 2025 |
|---|---|---|---|
| Title | ***Barbara Gerl v. Sheraton Operating, LLC, et al.*** | Page | 4 of 7 |

charged $28 instead of the $20 presented on the TV menu for her in-room dining order—a 40% markup. Compl. at ¶ 15. Gerl also alleges the price discrepancies are not isolated mistakes, but instead a "deliberate or negligent practice to quietly charge more than the advertised in-room price." Compl. at ¶ 17. These undisclosed differences in price between the charged amount and the TV menu advertised amount *as a wider practice* constitute Gerl's damages. *See* Compl. at ¶¶ 35, 37, 44, 50, 53, 63; Prayer for Relief at ¶¶ 4–5.

Defendants' use of Plaintiff's own alleged overcharge to calculate overall damages resulting from Defendants' challenged practice is reasonable. The price difference ($8) is 40% higher than the lower listed TV menu price ($20) and 28.57% of the charged price ($28). *See* Opp. at 11–12. Assuming Defendants' revenue is based upon the charged prices, the appropriate (and more conservative) percentage is 28.57% instead of 40%. Assuming a three-year class period, 28.57% of $99,432,113 is $28,407,754.68 in overcharges. Indeed, it would only take an overcharge of approximately 6% of Defendants' in-dining revenue in three years to satisfy CAFA's amount in controversy requirement.

Even if the overcharges alone are insufficient to meet the jurisdictional threshold, the Court could consider restitution of all money paid ($99,432,113), consequential losses or expenses, injunctive relief, punitive damages, and attorney's fees. *See* Compl. at ¶¶ 53 (seeking recission/restitution in the form of "for example, voiding the transaction and refunding all money paid"), 63 (seeking consequential loses or expenses "for example, costs incurred in seeking refunds or contesting charges"); Prayer for Relief at ¶¶ 3 (injunctive relief), 6 (punitive and exemplary damages), 8 (attorney's fees and costs). All of the foregoing may be considered in the CAFA amount in controversy. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (holding punitive damages are included in CAFA amount in controversy); *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 794 (9th Cir. 2018) (holding attorney's fees awarded under contract or fee shifting statutes are included in calculating the CAFA amount in controversy).

In light of the foregoing, the Court finds Defendants have met their burden to prove there is a sufficient amount in controversy to uphold CAFA jurisdiction in this action.

B.   **Local Controversy Exception**

In the event the Court finds the amount in controversy is satisfied, Gerl contends CAFA's local controversy exception requires remand. 28 U.S.C. § 1332(d)(4)(A). Under the local controversy exception, the district court "shall" decline to exercise jurisdiction "when more than two-thirds of the putative class members are citizens of the state where the action was filed, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-9525-DMG (MAAx)** | Date | December 11, 2025 |
|---|---|---|---|
| Title | ***Barbara Gerl v. Sheraton Operating, LLC, et al.*** | Page | 5 of 7 |

principal injuries occurred in that same state, [] at least one significant defendant is a citizen of that state," and in the three years preceding the filing of that class action no other class action has been filed asserting the same or similar facts against any of the defendants. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020); 28 U.S.C. § 1332(d)(4)(A). The purpose of the exception is to allow intrastate class actions to be heard, or remain in, state court. *Id.* The burden is on the plaintiff to show the local controversy exception applies by a preponderance of the evidence. *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015); *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013).

Defendants do not dispute that the principal injuries occurred in California and no other class action asserting similar factual allegations against any of the defendants was filed in the preceding three years. *See* Opp. at 15–17. Defendants take issue with Gerl's claim that more than two-thirds of the putative class members are citizens of California or that PH Finance, a citizen of California, is a "significant" defendant.

Gerl argues it is "common sense" that more than two-thirds of the putative class are California citizens because the hotels are located in California. MTR at 16. This inference is not so self-evident, however, that it constitutes common sense—hotels routinely host guests who may be traveling from outside of the state or country. In support, Gerl claims in her briefing that "California has by far the largest resident population of any state, and data from the California Office of Tourism consistently show that a substantial share of hotel stays statewide are by in-state residents." MTR at 16. Statements made in briefs are not evidence and Gerl does not provide any data from the Office of Tourism in a format that could be considered as evidence. Even assuming Defendants' hotels host a sizable number of California residents traveling within the state, there is no support for the conclusion that "more than two-thirds" of the putative class members are California citizens. If, for example, Gerl presented evidence that California Office of Tourism data showed 67% or more of hotel stays in California are by California residents, her burden would likely be met. Instead, the assertion that "a substantial share" of hotel stays statewide are by California residents is vague, unsupported by evidence, and falls short of Gerl's evidentiary burden.

As for PH Finance, it is indeed a citizen of California.[3] *See* MTR at 17; RJN at 2. A "significant" defendant is one "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II). PH Finance is connected to only one of the 119 hotels at issue. Opp. at 17. Compared to the other Defendants, the claims against PH Finance do

---

[3] Marriott and Sheraton are citizens of Delaware and Maryland. NOR at ¶ 23; Compl. at ¶¶ 2, 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-9525-DMG (MAAx)** | Date | December 11, 2025 |
|---|---|---|---|
| Title | ***Barbara Gerl v. Sheraton Operating, LLC, et al.*** | Page | 6 of 7 |

not appear to be "important or fairly large in amount or quantity," and an overwhelming majority of the relief would be damages from or injunctive relief regarding practices in the 118 other hotels. *See Benko*, 789 F.3d at 1119. The fact that Gerl's own allegations are from her stay at PH Finance's hotel is irrelevant—the significance of the defendant is measured in proportion to the class as a whole. *See* Reply at 7, 18–19. If PH Finance's single hotel somehow represented the bulk of the infringements, the burden was on Plaintiff to show this. Reply at 19.

For the foregoing reasons, Plaintiff has failed to meet her burden of showing the local controversy exception applies.

**C.      Home-State Exception (Mandatory and Discretionary)**

Gerl reaches next for CAFA's home-state exception. The home state exception "accords two bases for remand: one mandatory and the other within the district court's discretion." *Adams*, 958 F.3d at 1220. Under the mandatory home-state exception, the Court "shall" decline to exercise CAFA jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Under the discretionary home state exception, the Court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" "when more than one-third of the putative class, and the primary defendants, are citizens of the state where the action was originally filed." *Adams*, 958 F.3d at 1120 (quoting 28 U.S.C. § 1332(d)(3)) (emphasis removed). CAFA provides six factors for the court to consider under the discretionary home state exception. 28 U.S.C. § 1332(d)(3)(A)–(F). The burden is on plaintiff to show the home state exception applies. *Adams*, 958 F.3d at 1120.

For the same reasons explained *supra*, Plaintiff has not shown two-thirds or more of the members of the putative class are citizens of California. Moreover, because Gerl has provided no evidence at all of the putative class members' citizenship other than a speculative assumption that most guests in California hotels are California citizens, there is no basis to find that more than one-third of the putative class are California citizens.

To assess whether a defendant is a "primary" defendant under the home state exception, district courts first assume all defendants will be found liable. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019). District courts then consider "whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable." *Id.* District courts also consider the defendant's "potential exposure to the class relative to the exposure of other defendants." *Id.* PH Finance is the only Defendant that is a California citizen and considering the scale of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-9525-DMG (MAAx)** | Date | December 11, 2025 |
|---|---|---|---|
| Title | ***Barbara Gerl v. Sheraton Operating, LLC, et al.*** | Page | 7 of 7 |

involvement in the class (one out of 119 hotels), it cannot be considered a "primary" defendant. Even if PH Finance were a "primary defendant," the home state exception requires *all* primary defendants be citizens of the home state. *Singh*, 925 F.3d at 1068. Marriott and Sheraton, which are likely primary defendants considering their size and larger role in operating Marriott-branded hotels, are not citizens of California. *See* Tamburello Decl. at ¶ 4 ("Marriott International or its subsidiaries and affiliates . . . including Sheraton Operating, LLC, operated, franchised, or licensed over 9,000 properties worldwide in its portfolio of brands.").

In sum, Gerl has not met her burden of showing the home state exception, whether mandatory or discretionary, applies.

\* \* \*

Should future discovery reveal that more than one-third of the putative class members are California citizens, Gerl may file a renewed motion to remand under the discretionary home state exception. *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d 875, 876 (9th Cir. 2018); *Mondragon*, 736 F.3d at 885.

### IV.
### CONCLUSION

In light of the foregoing, Plaintiff's motion to remand is **DENIED**. The hearing set for December 12, 2025 is hereby **VACATED**.

**IT IS SO ORDERED.**